FILED
November 19, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

03-15-00319-CV

Trial Court Cause No. C-1-CV-14-00796

County Court At Law No. 1

of Travis County, Texas

Honorable Todd T. Wong

| | | |
|---|---|---|
| DAVID RAETZSCH, | X | IN THE COUNTY COURT |
| Appellant | X | AT LAW NUMBER ONE |
| Vs | X | TRAVIS COUNTY, TEXAS |
| BARBARA LOVINGS HORTON, | X | |
| Appellee | X | "STATE OF TEXAS" |

Appealed to the Court of Appeals for the
Third District of Texas at Austin, Texas

Pro Se Appellant David Raetzsch
        7101 N. IH 35, Apt. 133
        Austin, Texas 78752

Pro Se Appellee Barbara Lovings Horton
        Loving Care Homes Ministry
        Celebration House of Restoration Ministry
        P.O. Box 143537
        Austin, Texas 78714-3537
        Fax 512-317-6740

RECEIVED
NOV 1 9 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

(Habeas Corpus) 1.

BILL OF EXCEPTIONS TO RECORD ON APPEAL BY PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGES, EN BANC, OF THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS:

COMES NOW, David Raetzsch, pro se, herein and pursuant to the Texas Constitution Article 1, Section 12 The writ of habeas corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual.

I. BILL OF EXCEPTIONS

This written objection to the record on appeal in good faith for good cause is meant to correct the record to contain truthful accounts of the events of the trial.

(Habeas Corpus) 2.

If there is any disagreement Petitioner needs a written explanation. Ms. Barbara Lovings Horton, Appellee should also be given notice of time and place of the settlement, if any, of this bill of exceptions in order to object or approve of its contents. The settled bill of exceptions becomes part of the trial transcript. Record on appeal.

Petitioner has just been afforded a paper copy of the transcript. To make a bill of exceptions, to the record on appeal.

An accurrate "record for appeal" will afford an accurrate "assignment of errors" and Appellant Brief, for review.
(Habeas Corpus)          3.

## II. COURT APPOINTED ATTORNY AT LAW

Petitioner pro se, a layman at law, moves for an Attorny at Law, to help provide a correct "record on appeal". An attorney at law, may articulate the errors made in the "record on appeal" without offending the "officers of the court" much better than a layman at law, who see's the mistakes as possibly intentional and illegal.

## III. EXCEPTION

Civil Action No. J5-CV-14-233595

① Vol. 1, page 11, "Notice of Appeal" Approved

## III. SUMMARY - order Barbara Lovings Horton to make "contract" between Travis County Criminal Justice - Inside Out Program and

(Habeas Corpus)   4.

Barbara Lovings Horton Loving Care Homes Ministry available and also re order Barbara Lovings Horton to make "rules of house" available to court and David Roetesch.

Which was not done.

(2.) J5-CV-14-233595, Judgement Vol. 1, page 22

Barbara Lovings Horton ordered to return all of David's property within 10 days of Judgement, July 25, 2014

(3.) Vol. 1, page 41, 42, 43, July 24, 2014 written Judgement of Contempt by Default, not ruled on.

## IV. EXCEPTION TO ANOTHER CIVIL ACTION UNLAWFULLY ADDED TO RECORD ON APPEAL

(1.) Vol. 1, page 129, Letter from Barbara Lovings Horton to Clerk of the Court, Justice of the Peace, Precinct Five, Cause No. ~~J5~~ J5-CV-14-235831 completely

(Habeas Corpus)                    5.

seperate civil action, seperate judgement, not appealed. All affidavits on Cause No. J5-CV-14-235831 seperate civil case, Vol.1, pages 129-135.

(2.) Vol. 1, page 159 Seperate Civil Case, "Notice Of Restricted Appeal," Justice of Peace Precinct Five, by Barbara Lovings Horton, "denied" and illegaly changed by Clerk, from J5-CV-14-235831 to J5-CV-14-233595, C-1-CV-14-007906 and "Motion To Vacate Judgement" J5-CV-14-235831, also denied April 7, 2015 "lost jurisdiction" not included.

See: "Exhibit IV, (2.)"

Judicial Notice: Judgement J5-CV-14-235831,
Seperate Judgement
Seperate Civil Action
Not on Appeal

Also; the "Notice of Restricted Appeal" and the "Motion to Vacate Judgement" was filed by Barbara Lovings Horton at the same time. Both denied.

PRAYER

In good faith and for good cause, David Raetzsch, Petitioner pro se, states the statements made are true and correct, and Petitioner moves the Court, correct the Clerks of the Court, and correct the "record on appeal" as parts of this record are not on appeal and unlawfully added.

Respectfully Submitted,

X _David Raetzsch_ 11-16-15

David Raetzsch, Petitioner
7101 IH 35, Apt. 133
Austin, Texas 78752

(Habeas Corpus)        7.

CERTIFICATE OF SERVICE

On this 16th day of November 2015, I David Raetzsch mailed one (1) copy of the "Habeas Corpus, Bill of Exceptions," to Barbara Lovings Horton, Celebration House of Restoration Ministry, P.O. Box 143537, Austin, Tx. 78714- 3537, Fax 512-317-6740, signed

_David Raetzsch, Petitioner_

11-16-15

Exhibit IV. (2.)

Justice of the Peace Percinct (5) Five
1000 Guadalupe , Room 112
Austin Texas 78701

David Raetzsch , Plaintiff(s)/Counter-Defendant(s)

Vs.

Barbara Lovings Horton , Loving Care Homes Ministries , Inc.,
Defendant(s)/Counter-Plaintiff(s)

Cause no.J5-CV-14-235831

## MOTION TO VACATE JUDGEMENT

Pursuant to the Applicable Texas Rules of Civil Procedure the

defendant/counter Plaintiff respectfully files this motion to vacate

judgement entered by the Justice of the Peace Percinct (5)five

Honorable Judge Herb Evans because defendant/counter Plaintiff

was not adequately given timely notice of the date that the

judgement was entered and therefore judgement was not only

entered without the presence of the defendant/counter Plaintiff

but also judgement was entered without allowing the defendant

/counter Plaintiff to present evidence in her defense in violation of

the Due Process Clause for money property rights such as under

the Fourteenth Amendment.

1

In support thereof the defendant/counter plaintiff states the following grounds for relief, in particular ;

## STATUTES OF LIMITATION

Pursuant to the Applicable Texas Rules of Civil Procedures the defendant / counter Plaintiff Barbara Lovings has thirty days (30) from the date that judgement was entered to file a motion to vacate.

In this particular case the judgement was entered on March 3 , 2015 by the Justice of the Peace (5) Fifth Percinct Honorable Judge Herb Evans.

Defendant / Counter Plaintiff filed her motion to vacate judgement on March 31 , 2015 which was well before the time limitation statutes deadline.

## BASIS OF MOTION TO VACATE JUDGEMENT

In the first stages of this civil case styled cause no.J5-CV-14-233595 , the Justice of the Peace Percinct (5) Five Honorable Herb Evens awarded the Plaintiff Barbara Lovings $2818.67 dollars in delinquent room and board rental fees which was to be paid by the defendant David Raetzsch.

2

The Honorable Herb Evans also ordered for the Plaintiff Barbara Lovings to return property iteams such as clotheing , tooth paste , bible , ext... to the defendant David Raetzsch.

The Plaintiff Barbara Lovings then instructed her staff members from Loving Care Homes to take the defendants David Raetzschs' property to be delivered to the receptionist at the apartment complex building were the defendant David Raetzsch lived. Thereafter the receptionist called the defendant David Raetzsch to pick up his property from the front desk of the apartment complex building where the defendant resided.

The receptionist has stated to the plaintiff Barbara Lovings that the defendant did pick up his property from the receptionist front desk of the apartment complex where the defendats resides.

## WITTNESS TESTIMONY

The plaintiff has attached affidavits from her staff members of Loving Care Homes stating that they did in fact leave the defendant David Reatzsch property at the receptionist front desk of the apartment complex where the defendant David Raeztsch resided.

3

The plaintiff Barbara Lovings has the intentions , with the trial courts permission , to present witness testimony from her staff members named Jeanette Govea Tucker and Joe Credeur stating that they did in fact leave the defendant David Reatzsch property at the receptionist front desk of the apartment complex where the defendant David Raeztsch resided.

The receptionist Oscar Cortez can provide testimony to the court stating that the defendant David Raetzsch did pickup his property from the front desk in which is material to the plaintiffs defense that she did give the defendant his property within ten business days as ordered by the court.

The plaintiff has attached affidavit's from the receptionist of the apartment complex building where the defendant David Raeztsch resides which states that the defendant did pick up his property from the front desk where it was left by plaintiffs staff members. (Affidavits are attached as exhibit (A)(B)(C) and incorporated by referenece).

For this reason it is necessary for the court to enter an order for the receptionist Oscar Cortez of the apartment complex where the

4

defendant David Reaztsch resides, to be subpoenaed to appear in person to provide testimony to the court because the receptionist testimony is material to the plaintiffs defense inthat it proves that the defendant did pick up his property from front desk where plaintiffs staff members had left property to be picked up by defendant.

The address of the receptionist Oscar Cortez place of employment is located at Spring Terrace Apartments 7101 N.IH-35 Austin Texas 78752.

## PLAINTIFFS BAD MORAL TURPITUDE

The defendant David Raetzsch filed an additional suit entitleing himself as plaintiff styled cause no.J5-CV-235831 where he alleges that the previous plaintiff is now defendant Barbara Lovings because she never delivered his property to receptionist of apartment complex bulding where the plaintiff David Raetzsch resides as ordered by the court which can be contradicted by the defendant Barbara Lovings witness testimony from her staff members and the receptionist of the apartment complex building where the plaintiff David Raetzsch resides.

This means that the plaintiff David Raetzsch lied to the court by stating that Barbara Lovings never returned his property as previously ordered by the court when in fact the receptionist can testify by affidavit and in person that the plaintiff did in fact pick up his property from the front desk where Barbara Lovings staff members had left the property for the plaintiff David Raeztsch to pick up.

This means that the plaintiff David Raetzsch is in criminal contempt of court by penalty of perjury or lieing to the court to obtain a favorable judgement to reduce the money judgement that was already rendered against him by the trial court.

The plaintiff David Raetzsch cause of action styled cause no. J5-CV-235831 has cause needless delay in the civil case in attempt to reduce the amount of money that he has to pay for delinquent rental room and board fees that he never paid to defendant Barbara Lovings.

Not to withstand the fact that although defendant Barbara Lovings had previously notified the same court in the same case number that she was never at the address designated for her place

of business because she was always attending to her residents at her different facility throughout Austin Texas in which was so that the defendant Barbara Lovings could make sure that the trail court knew that any further notice or judgements in the case should be sent to defendant Barbara Lovings P.O. Box address where she always pickup mail however the plaintiff David Raeztsch intentionally and knowingly mislead the court to believe that it was necessary to serve defendant Barbara Lovings with notice of the trail date of new case at her place of business where she very seldomly went to check on mail article arrivals at her designated place of business because the plaintiff David Raetzsch knew that the defendant Barbara Lovings would never go to check on mail notice of trial date in time to appear at the court hearing that resulted in the judgement complained of.

Plaintiff David Raetzsch did this to ensure that the trial court would enter a default judgement in the case against defendant Barbara Lovings for failing to appear before the court , otherwise if the defendant would have been able to present her side of the story , the trial court would have learned that the plaintiff was in

criminal contempt of court by lieing to the court in order to reduce the money judgement that the trial court had previously imposed on plaintiff.

## DEFENDANTS PLEA FOR NEW TRIAL

The plaintiff David Raeztsch is in criminal contempt of court which is grounds for a new trial so as to allow the defendant Barbara Lovings to recover from a due process property rights violation under the Fourteenth Amendment.

## CONCLUSSION AND PRAYER

Wherefore Primises Considered in conformance with the prerequisites settforth herein the defendant/counter plaintiff prays that the trial court vacate judgement for the purpose of granting a new trial to allow the defendant/counter plaintiff to be able to present witness testimony and documentiary evidence in her defense to recover upon a due process violation of money property rights under the Fourteenth Amendment of the United States Constitution.

The defendant / counter plaintiff Barbara Lovings prays for general relief.

8

Respectfully Submitted ,

Barbara Lovings Horton , pro se defendant

Pursuant to Penalty of Perjury (28 U.S.C & 1746) the defendant Barbara Lovings Horton states , declares , and certifies that the foregoing notice of restricted appeal is true and correct.

## CERTIFICATE OF SERVICE

Pursuant to Penalty of Perjury (28 U.S.C. & 1746) the defendant Barbara Lovings hereby states , declares , and certifies that true and correct copies of the foregoing restricted appeal was sent to the following party of interest settforth below , in particular ;

(i) David Raetzsch place of residence is designated at Spring Terrace Apartments 7101 N.IH-35 Austin Texas 78752.

David Raetzsch
7101 N. IH 35, Apt. 133
Austin, Tx. 78752

11-16-15

c/o Clerk,
Court of Appeals
Third District of Texas
P.O. Box 12547
Austin, Texas 78711-2547

FOREVER